ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| PATILLAS PARADISO, LLC<br><br>Peticionario<br><br>v.<br><br>JOSÉ ÁNGEL LÓPEZ CARTAGENA Y OTROS<br><br>Recurridos<br><br>ÁNGEL LUIS GONZÁLEZ ESPERÓN<br><br>Terceros Demandado -Recurrido | TA2026CE00557 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.:<br>G PE2014-0092<br><br>Sobre: Injunction Posesorio |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de mayo de 2026.

Comparece Patillas Paradiso, LLC ("Patillas Paradiso" o "Peticionario") mediante *Recurso de Certiorari* y nos solicita que revisemos una *Resolución* emitida el 18 de diciembre de 2025, notificada el 14 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Guayama ("TPI"). En virtud del aludido dictamen, el TPI denegó la *Solicitud de Sentencia Sumaria Parcial* instada por el peticionario.

Por los fundamentos que proceden, se *deniega* la expedición del auto de *certiorari* solicitado.

**I.**

El 19 de septiembre de 2023, Patillas Paradiso presentó una *Segunda Demanda Enmendada en Cumplimiento de Orden.* Señaló que, mediante una Resolución emitida el 6 de julio de 2006 en el caso G JV2004-0312 sobre expediente de dominio, el TPI justificó el dominio de un inmueble ubicado en el Barrio Jacaboa de Patillas a favor de José A. López Cartagena ("señor López Cartagena") y su esposa, Marta Luisa Ortiz Flores ("señora Ortiz Flores") (en

conjunto, "matrimonio López-Ortiz"). No obstante, alegó que dicha determinación carece de efecto jurídico, ya que es dueño del terreno en controversia. Manifestó que, el matrimonio López-Ortiz únicamente es propietario de una edificación construida ilegalmente en la finca. Expuso, además, que la petición de expediente de dominio presentada por el señor López Cartagena incumplió con varios requisitos del Art. 237 de la derogada Ley Núm. 198 de 8 de agosto de 1979, conocida como la *Ley Hipotecaria y del Registro de la Propiedad*, 30 LPRA sec. 2761. Por todo lo cual, solicitó que se decretara la nulidad de la *Resolución* dictada en el caso G JV2004-0312.

Consecuentemente, el 4 de diciembre de 2023, el peticionario presentó una *Solicitud de Sentencia Sumaria Parcial sobre Nulidad de Expediente de Dominio*. En síntesis, reiteró que, durante el proceso de expediente de dominio, el matrimonio López-Ortiz incumplió con varias disposiciones de la derogada Ley Hipotecaria de 1979, *supra*. Puntualizó, a su vez, que los recurridos eran propietarios de la estructura que enclava en la finca, pero no del terreno. Como corolario, razonó que en el caso G JV2004-0312, solo se justificó el dominio de la edificación. Así dispuesto, solicitó que: (1) se dejara sin efecto la *Resolución* del 6 de junio de 2006; (2) se declarara nulo el dominio inscrito a favor del matrimonio López-Ortiz; y (3) se ordenara la cancelación del asiento en el Registro de la Propiedad.

Por su parte, el 10 de febrero de 2025, el matrimonio López-Ortiz notificó su *Contestación a Solicitud de Sentencia Sumaria Parcial*. Manifestó que el proceso de expediente de dominio fue realizado conforme a derecho. Sostuvo, además, que, contrario a lo sostenido por Patillas Paradiso, no existe controversia respecto al hecho de que adquirió el inmueble mediante la Escritura Núm. 22 sobre Acta de Edificación de Obra de Construcción y Bien Inmueble otorgada el 29 de diciembre de 2001 ante el notario Héctor Juan Rivera González. Conforme a lo anterior, expuso que tampoco existe disputa en cuanto a que, el 9 de marzo de 2009, a través de la Escritura Núm. 5 sobre Compraventa, otorgada ante el notario David Guadalupe Pérez, le vendió la propiedad a Ángel Luis González Esperón ("señor González Esperón").

El 14 de febrero de 2025, el señor González Esperón notificó su *Contestación a Solicitud de Sentencia Sumaria*. Además de reiterar los argumentos presentados por el matrimonio López-Ortiz, expresó que es un adquirente de buena fe y, por tanto, se le debe reconocer una protección como tercero registral.

Tras evaluar los escritos presentados, el 9 de septiembre de 2025, el foro de instancia emitió una *Resolución* en virtud de la cual denegó la *Solicitud de Sentencia Sumaria Parcial*. Inconforme, el 24 de septiembre de 2025, el peticionario presentó una *Solicitud de Reconsideración*, la cual fue denegada el 2 de octubre de 2025.

Insatisfecho aún, el 2 de noviembre de 2025, Patillas Paradiso acudió ante esta Curia mediante un recurso clasificado alfanuméricamente como TA2025CE00710. Así, un Panel Hermano revocó la *Resolución* dictada el 9 de septiembre de 2025, por incumplir con las disposiciones de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V., R. 36.4.

En cumplimiento con el Mandato expedido por este Tribunal, el 18 de diciembre de 2025, notificada el 14 de enero de 2026, el TPI dictó la *Resolución* aquí recurrida. Aquilatados los escritos de las partes, el TPI consignó las siguientes determinaciones de hechos:

1. El 12 de mayo de 1986, el Sr. Juan Ortiz Cruz le donó a su hija, Juanita Ortiz Morales, una casa radicada frente a la carretera número 3 en el Barrio Guardarraya del término municipal de Patillas, Puerto rico la cual es descrita en la Escritura 80 sobre la Manifestación de Bienes y Compraventa otorgada ante el Notario Público Claudio David Lebrón el 8 de diciembre de 1998 de la siguiente forma:

   URBANA: Casa radicada frente a la carretera número tres (3) en el Barrio Guardarraya, del término municipal de Patillas, Puerto Rico, que mide veintidós (22) pies frente por veintiocho (28) pies de fondo, construida de madera y techada de zinc con piso y baño de cementa.

2. El 26 de junio de 2000, mediante la Escritura número 35 sobre Compraventa otorgada ante el Notario Público Eddie León Rodríguez el Sr. Rogelio Santiago Burgos le vendió al señor José Ángel López Ortiz una casa radicada frente a la carretera número 3 en el Barrio Guardarraya del término municipal de Patillas, Puerto Rico.

3. El 15 de octubre de 2004, el señor José Ángel López Cartagena presento ante el Tribunal de Primera Instancia Sala Superior de Guayama Petición sobre Expediente de Dominio la cual se tramitó bajo el número de caso civil G JV2004-0312.

4. Mediante le Petición G JV2004-0312 el señor José Ángel López Cartagena alegó ser dueño de la siguiente propiedad inmueble:

   URBANA: Casa residencial de una sola planta, construida en madera tratada y cemento y la cual consta de sala, comedor, cocina, tres (3) cuartos dormitorios, dos (2) baños, un laundry (baño y laundry) en cemento, enclavada en un solar que mide quinientos metros cuadrados (500 m/ c), localizada en el Barrio Guardarraya, frente a la Comunidad Recio, del municipio de Patillas, Puerto Rico. En lindes por el Norte, con la Carretera Estatal Puerto Rico Tres (PR-3); por el Sur, con la playa del Mar Caribe; por el Este, con solar ocupado por Domingo Pena; y por el Oeste, con solar ocupado por Dora Delfi.

5. Mediante la Petición G JV2004-0312 el senor José Ángel López Cartagena solicitó al Tribunal que dictara Resolución declarando justificado a su favor el dominio del predio del terreno allí descrito y que se ordenara que la misma fuese inscrita en el Registro de la Propiedad correspondiente a su favor.

6. El 9 de febrero de 2006, el Tribunal celebró vista en su fondo Ex Parte en relación con el caso civil número G JV2004-0312.

7. El 6 de julio de 2006, el Tribunal dicto Resolución por medio de la cual declaró Ha Lugar el Expediente de Dominio en el caso civil G JV2004-0312.

8. La propiedad fue inscrita a nombre del demandado el 19 de septiembre de 2006, al folio 21 del tomo 277, finca 10,223 de Patillas, Puerto Rico.

9. José A. López Cartagena vendió la propiedad a Ángel González Esperón, por medio de la Escritura Número 5 del 8 de marzo de 2009, ante el notario David Guadalupe Pérez.

10. El Sr. González Esperón adquirió la propiedad, amparado en la publicidad que da el Registro de la Propiedad.

11. El Sr. González Esperón no fue parte del caso de Expediente de Dominio G JV2004-0312.

12. El 3 de octubre de 2014, Southern Horizons, Inc., presentó Demanda Enmendada, en el caso de autos, en la cual solicitó que: (1) se decretara que el expediente de dominio seguido en el caso G JV2004-0312 incumple con los requisitos prescritos en el Art. 237 de la Ley Hipotecaria y con la jurisprudencia interpretativa de dicho Artículo, (2) se decrete la nulidad de la

resolución emitida en el caso G JV2004-0312 declarando justificado el dominio y ordene al Registrador de la Propiedad, Sección de Guayama, cancelar cualquier inscripción de dominio que hubiese verificado a favor del allí peticionario, (3) se decrete que el demandado Ángel Luis González Esperón no es tercero civil y, por ende, no es tercero hipotecario y (4) se disponga cualquier otro decreto consistente con los derechos de la parte demandante.

13. El 22 de septiembre de 2015 Southern Horizons, Inc. presentó Moción al Tribunal en el caso G JV2004-0312 a la cual anejó la Declaración Jurada del Sr. Walter Fournier Ruiz a los efectos de evidenciar que el referido ente corporativo era dueña de una finca rústica de 52.80 cuerdas y que el predio de terreno de 500 metros cuadrados cuyo dominio se pretende, es parte integrante de dicha finca, razón por la cual intervino en defensa de sus derechos propietarios.

14. El 22 de mayo de 2022, el Tribunal de Apelaciones emitió Sentencia dejando sin efecto la Resolución emitida por el Tribunal de Primera Instancia el 6 de julio de 2006 en el caso G JV2004-0312 al determinar que faltaba parte indispensable, a saber, el senor Ángel Luis González Esperón.[1]

No obstante, precisó que aún permanecía en controversia: (1) si procede declarar la nulidad del dominio; y (2) si el tercero demandado es un tercero registral. A su vez, destacó que los títulos que las partes reclaman y alegan poseer se encuentran en controversia y, como consecuencia, le corresponde establecer cuál de las partes ostenta un mejor título mediante la celebración de un juicio plenario. Por tanto, denegó la solicitud de sentencia sumaria parcial presentada por el peticionario.

Inconforme, el 29 de enero de 2026, Patillas Paradiso radicó una *Solicitud de Reconsideración*, la cual fue denegada mediante *Resolución* dictada el 30 de marzo de 2026 y notificada el 6 de abril de 2026. Aún en desacuerdo, el 6 de mayo de 2026, Patillas Paradiso acudió ante esta Curia mediante *Recurso de Certiorari* en el cual le imputó al TPI la comisión de los siguientes errores:

**Erró el Tribunal de Primera Instancia al emitir una Resolución en supuesto cumplimiento con el mandato de este Honorable Tribunal que no satisface las exigencias de la Regla 36.4 de Procedimiento Civil, al (i) omitir la identificación completa de los hechos materiales no controvertidos debidamente sustentados en el récord, (ii) no identificar hechos materiales genuinamente controvertidos conforme a derecho, y (iii) sustituir dicha determinación por la formulación de**

---

[1] Apéndice del recurso, Entrada Núm. 4, págs. 4-5.

**controversias jurídicas generales, en incumplimiento con el mandato específico emitido por este Honorable Tribunal, lo que coloca a este Honorable Tribunal de Apelaciones en posición de adjudicar la controversia de novo como cuestión de derecho, sin necesidad de ulteriores procedimientos en el foro primario.**

**Erró el Tribunal de Primera Instancia al redefinir la controversia sometida mediante la Solicitud de Sentencia Sumaria Parcial como una disputa de "mejor título", cuando lo planteado ante su consideración era la nulidad del expediente de dominio G JV2004-0312 como cuestión de estricto derecho, independiente de cualquier determinación sobre titularidad entre las partes.**

**Erró el Tribunal de Primera Instancia al no adjudicar la Solicitud de Sentencia Sumaria Parcial, pese a que del récord no surge controversia material de hechos conforme a la Regla 36.3 de Procedimiento Civil, lo que permite a este Honorable Tribunal de Apelaciones adjudicar el asunto como cuestión de derecho en esta etapa.**

**Erró el Tribunal de Primera Instancia al no declarar la nulidad del expediente de dominio G JV2004-0312 y de la Resolución de 6 de julio de 2006, pese a los incumplimientos sustanciales y de estricto cumplimiento con la Ley Hipotecaria evidenciados en el récord, incluyendo actuaciones de carácter ex parte, el incumplimiento con requisitos esenciales del procedimiento y la adjudicación de dominio sobre bienes de dominio público.**

El 23 de mayo de 2026, el matrimonio López-Ortiz presentó su *Alegato*. Por otra parte, el 26 de mayo de 2026, el señor González Esperón radicó su *Oposición a la Expedición y Contestación al Recurso*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del

auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

El mecanismo de sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones donde no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita. *Negrón Castro y otros v. Soler Bernardini y otros*, 216 DPR ____ (2025); 2025 TSPR 96. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). Mediante el mismo, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón, supra.* Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Íd.*

Al presentar una moción de sentencia sumaria, al amparo de la Regla 36.2 de Procedimiento Civil, *supra,* se deberá cumplir con los siguientes requisitos de forma: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687 (2019).

Al considerar la solicitud, el Tribunal deberá asumir ciertos los hechos no controvertidos que se encuentran sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). La inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Conforme a esta normativa procesal, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra.* Por el contrario, viene obligada a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud puesto que, de incumplir, corre el riesgo de que se dicte sentencia sumaria en su contra, de la misma proceder en derecho. *Íd.*

En la oposición a una solicitud de sentencia sumaria, el promovido debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *Íd.* Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que

sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* Al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su día en corte, componente integral del debido proceso de ley. *Íd.*

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193, 212 (2006). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "*casos complejos o aquellos en los que estén presentes cuestiones de interés público*". *Íd.*, pág. 579.

Por otro lado, sabido es que, cuando un Tribunal emita una sentencia, especificará los hechos que fueron probados y consignará separadamente sus conclusiones de derecho. Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Si el Tribunal deniega una moción de sentencia sumaria, no concede todo el remedio solicitado o no resuelve la totalidad del pleito, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, expresa que "será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos [...]". Lo anterior simplifica el desfile de prueba en el juicio, pues los hechos no controvertidos se consideran probados. *Ramos Pérez v. Univisión*, 178 DPR 200, 221 (2010).

Además, y según dispuesto por el Tribunal Supremo de Puerto Rico, los criterios de revisión apelativa ante una sentencia sumaria son los siguientes: (1)

no se puede considerar prueba no presentada ante el nivel de instancia; (2) no se puede adjudicar hechos materiales en controversia; (3) la revisión apelativa es *de novo*; (4) se debe examinar el expediente de la manera más favorable hacia quien se opone a la solicitud de sentencia sumaria; (5) se debe observar que las mociones cumplan con los requisitos de la Regla 36 de Procedimiento Civil de 2009, *supra*, y lo discutido en *SLG Zapata Rivera v. JF Montalvo, 189 DPR 414 (2013)*; (6) debe exponer los hechos materiales controvertidos y los incontrovertidos si los hubiese; y (7) ante un caso donde no existan hechos materiales en controversia, el tribunal apelativo procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119 (2015). Asimismo, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de formas codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

*Roldán Flores v. M. Cuebas,* 199 DPR 664, 679 (2018).

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *González Santiago v. Baxter Healthcare*, 202 DPR 281 (2019). A tal efecto, nuestra revisión es una *de novo*, y el análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Íd*. De esta manera, si encontramos que los hechos materiales realmente están incontrovertidos, debemos revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Negrón Castro y otros v. Soler Bernardini y otros, supra*; *González Santiago v. Baxter Healthcare, supra*.

**-C-**

El mecanismo de expediente de dominio es un procedimiento *ex parte* que le permite a todo propietario que carezca de título inscribible de dominio

proceder con la inscripción de dicho dominio. Este, no declara derechos, sino justifica la existencia de un título de dominio de la parte promovente. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953). Es por ello que, la única función del juez es declarar justificado o no el dominio de los bienes de que se trate. *Toro v. El Registrador de Mayagüez*, 25 DPR 472 (1917). Por lo tanto, **"[l]a resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado".** (Énfasis suplido). *Rodríguez v. Registrador, supra.*

El procedimiento se encuentra regulado por el Artículo 237 de la derogada Ley Hipotecaria del 1979, *supra.* De manera particular, el referido artículo establece que en la petición sobre expediente de dominio el peticionario debe incluir: (1) el nombre y demás circunstancias personales del solicitante; (2) la descripción exacta de la propiedad con sus respectivas colindancias y cabida de acuerdo a los títulos presentados, si los hubiere; (3) número de codificación del Negociado de Tasación del Departamento de Hacienda; (4) que la finca, o las fincas constituyentes en caso de tratarse de una agrupación, no aparece inmatriculada en el Registro de la Propiedad; (5) una relación de las cargas que pesan sobre la finca o en caso contrario, que está libre de cargas; (6) una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño; (7) el modo en que se adquirió del inmediato anterior dueño; (8) el tiempo por el cual haya poseído la propiedad él y los anteriores dueños de manera pública, pacífica, continua y a título de dueño; entre otros. *Íd.* El Tribunal Supremo de Puerto Rico ha reiterado que los requisitos legales para la tramitación de un expediente de dominio son esenciales y de cumplimiento estricto. *Nieves Osorio, Ex Parte*, 127 DPR 907, 909 (1991).

De surgir en el expediente de dominio una controversia sobre la validez del título o de los derechos dominicales del peticionario, deberá dilucidarse en el propio expediente de dominio, perdiendo su naturaleza *ex parte* y convirtiéndose en un juicio contencioso. *Ríos v. Tribunal Superior*, 77 DPR 79, 83 (1954). Ello representa ser la práctica judicial más conveniente, ya que evita una duplicación en los procedimientos y mantiene la eficacia del expediente de dominio. *Íd.*

### III.

La parte peticionaria nos solicita que revisemos la *Resolución* mediante la cual el TPI denegó su *Solicitud de Sentencia Sumaria Parcial.* Expone que la determinación recurrida incumple con las exigencias de la Regla 36.4 de Procedimiento Civil, *supra.* Manifiesta, además, que la controversia sometida a través de la *Solicitud de Sentencia Parcial* versaba exclusivamente sobre la nulidad del expediente de dominio y no acerca de una disputa sobre mejor título. A su vez, sostiene que el TPI incidió al no emitir una Sentencia Parcial, debido a que del récord no surge una controversia material de hechos. Asimismo, alega que erró al no decretar la nulidad del expediente de dominio, a pesar de los incumplimientos sustanciales durante el procedimiento.

Luego de un examen cuidadoso del expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

Destacamos que, dejar sin efecto la *Resolución* del 6 de julio de 2006, sin más, mantendría controvertida la titularidad de la finca y la validez de los negocios jurídicos celebrados posterior a su inscripción. Es por ello que, aun bajo el supuesto de que se declare su nulidad, será necesario dilucidar las controversias pendientes en un juicio en su fondo. Así, finalmente, se le podrá proveer finalidad a un pleito que ha permanecido en disputa durante más de una década. Reiteramos que el expediente de dominio no impide la celebración de un juicio declarativo posterior. Como consecuencia, la etapa en la cual se encuentran los procedimientos no es la más propicia para nuestra intervención.

## IV.

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones